**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

**DEXTER RAY ELLINGTON,**         :
                                  :
         **Plaintiff,**           :
                                  :         **NO. 1:13-CV-0093-WLS**
         **VS.**                  :
                                  :
**SHERIFF JOHN BOND, et. al.**    :
                                  :
         **Defendants.**          :

_____

**ORDER**

Plaintiff Dexter Ray Ellington, a state prisoner currently confined at Telfair State Prison in Helena, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a district court is still required to dismiss a prisoner complaint after the initial review if it finds that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b).

In this case, the Complaint (ECF No. 1) and Supplement (ECF No. 6) allege that Plaintiff slipped and fell while cleaning the floors at the Terrell County Jail.   Plaintiff was apparently taken for immediate medical treatment, and future treatment was recommended.   However, when Plaintiff returned from the hospital, Defendant Sheriff John Bond and his jail administrator, Defendant Rivers, allegedly "ordered an immediate transfer of Plaintiff into the custody of the Department of Corrections within eight [ ] hours."   Defendant Sheriff Larry Jones, the sheriff of another county, was apparently aware of (and did not object to) this transfer.   Plaintiff was then transferred to the Georgia Diagnostic and Classification Prison ("GDCP"), where his injury and need for additional medical treatment was confirmed.   After the "classification process" at the GDCP, Plaintiff was transferred again to Telfair State Prison, where he received additional treatment for his injuries.

Plaintiff has now filed the present action against Sheriff Bond, Ms. Rivers, and Sheriff Jones for their alleged "deliberate indifference" to his serious medical needs.   Plaintiff claims that Defendants Bond and Rivers "intentionally and deliberately transferred [Plaintiff] out of their custody and jurisdiction . . . to avoid responsibility and liability for his injuries . . . ."   Plaintiff further asserts that "since there was no comment or protest from Defendant Sheriff Larry Jones concerning Defendants Sheriff Bond and . . . Ms. Rivers, it may be reasonably presumed that he consented and acquiesced to Defendants Bond and Rivers' conspiracy . . . ."

Based on these allegations, the Court presumes that Plaintiff has attempted to state claims under the Eighth Amendment.   Plaintiff's assumptions and legal conclusions do not state a claim, however.   *See Taylor v. Singletary*, 148 F.3d 1276, 1285 (11th Cir. 1998) ("a bare, conclusory

allegation . . . is insufficient, without more, to warrant further . . . consideration"); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a prisoner's complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting his claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); 28 U.S.C.§ 1915A.

To prove a claim of deliberate indifference to medical needs, a plaintiff must show that prison officials knew of a risk of harm and deliberately delayed or denied medical treatment. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff's Complaint fails to set forth those material facts necessary to establish deliberate indifference. In fact, according to the Complaint, Defendants did provide Plaintiff with immediate medical care after his accident, and there are no allegations suggesting that Defendants knew or should have known that Plaintiff would not continue receiving adequate medical care when in the custody of the Department of Corrections. The mere act of transferring Plaintiff to another facility is not unconstitutional; a prisoner does not have a right to remain in any one particular correctional facility over another. *See Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

For these reasons, Plaintiff's Complaint shall be **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. §1915A(b). This dismissal does not relieve Plaintiff of his

obligation to pay his filing fee.   As was explained in a prior order (ECF No. 5), Plaintiff is still obligated to pay the full $ 350.00 filing fee using the installment payment plan described in 28 U.S.C. § 1915(b).

**SO ORDERED** this   5th   day of June, 2013.

/s/ W. Louis Sands
W. Louis Sands, Judge
UNITED STATES DISTRICT COURT

4